**In re ADVANCE PAYROLL FUNDING, LTD., Relator.**

**Advance Payroll Funding, Ltd., Appellant**

**v.**

**Landry Marks Partners, LP, Appellee.**

No. 05–07–00992–CV.

Court of Appeals of Texas, Dallas.

May 21, 2008.

Charles Thomas Kruse, Baker & Hostetler LLP, Houston, for appellant.

Roger B. Cowie, Locke Liddell & Sapp, LLP, Charles Glen Morris, Crews, Shepherd & McCarty, LLP, Dallas, for appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice MORRIS.

In this consolidated interlocutory appeal and petition for writ of mandamus, Advance Payroll Funding, Ltd. contends the trial court erred when it denied its motion to compel arbitration of claims filed by Landry Marks Partners, LP. Advance Payroll Funding asserts that Landry Marks, a nonparty to the agreement containing the arbitration clause, should be compelled to arbitrate its claims under the theory of equitable estoppel. For the reasons that follow, we deny the petition for writ of mandamus and dismiss the interlocutory appeal.

### I.

Advance Payroll Funding (APF) and Landry Marks are both engaged in the factoring business.[1] In 2005, APF executed a factoring agreement with Administrative Staffing Resources, L.L.C. (ASR). That agreement contained an arbitration clause giving APF the right to have "any dispute or disagreement between the parties arising out of or relating to this Agreement, or the transactions or relationships contemplated hereby, resolved by arbitration...." In 2006, Landry Marks executed a factoring agreement with ASR for the accounts receivable then owned by APF. As a condition to that agreement, ASR was required to terminate its agreement with APF. On December 11, 2006, ASR and APF signed a termination agreement that required ASR to pay APF

$2,676,192.37 and APF to assign back to ASR all of ASR's accounts. On that date, Landry Marks wire-transferred to APF the specified payoff amount on behalf of ASR. Landry Marks and APF also signed a letter agreement providing that, upon Landry Marks's payment of ASR's obligations to APF, APF would provide a letter notifying account debtors of the transfer of the accounts, terminate its UCC filings against ASR's assets, and return any funds received on ASR's accounts after December 11, 2006. Shortly after acquiring the ASR accounts, Landry Marks learned that many of the accounts were not real obligations and ASR's president admitted he had provided false information to Landry Marks about the accounts.

Landry Marks sued APF to recover the payoff amount, asserting claims for fraudulent misrepresentation, negligent misrepresentation, fraudulent transfer, unjust enrichment, and aiding and abetting fraud.[2] APF filed a motion to stay proceedings and compel arbitration of Landry Marks's claims under the Texas Arbitration Act (TAA) and the Federal Arbitration Act (FAA) based on the arbitration clause in APF's factoring agreement with ASR. The trial court denied the motion. APF filed this interlocutory appeal and petition for writ of mandamus challenging the trial court's denial.

### II.

As a preliminary matter, we note that APF urges that the FAA rather than the TAA governs the arbitration clause at issue.[3] Landry Marks does not contest

1. Factoring involves the purchase of accounts receivable from companies at a discounted rate.

2. Landry Marks also sued ASR and other defendants. The claims against these additional

defendants are not relevant to the disposition of this appeal.

3. APF has filed its interlocutory appeal "in the unlikely event that this Court does not agree that the FAA applies to this dispute."

the applicability of the FAA. The APF–ASR contract involves an Ohio company's purchase of a Texas company's accounts receivable and, thus, evidences transactions involving interstate commerce. The FAA applies to contracts involving interstate commerce. *See Jack B. Anglin, Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Moreover, the contract provides that Ohio law governs the parties' agreement. Where parties agree that another state's substantive law applies to their contract, the TAA is inapplicable. *See In re J.D. Edwards World Solutions Co.,* 87 S.W.3d 546, 551 (Tex. 2002) (orig. proceeding). We therefore dismiss APF's interlocutory appeal because the TAA does not apply to this case.[4] Under the FAA, mandamus relief is appropriate if the trial court abused its discretion in failing to stay the litigation and compel arbitration. *In re Merrill Lynch Trust Co. FSB,* 235 S.W.3d 185, 188 (Tex. 2007) (orig. proceeding).

 APF asserts Landry Marks is equitably estopped from avoiding arbitration because (1) the liability and damages for its claims against APF arise from or depend on the APF–ASR factoring agreement and (2) Landry Marks deliberately sought and obtained benefits from that factoring agreement when it paid off ASR's obligations and requested APF to take the actions listed in the letter agreement.[5] Generally, arbitration of a claim cannot be compelled unless it falls within the scope of a valid arbitration agreement. *See In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex.1999) (orig. pro-

ceeding), *abrogated in part on other grounds by In re Halliburton Co.,* 80 S.W.3d 566, 571–72 (Tex.2002). There are several recognized instances, however, where a nonparty to the agreement may nevertheless be bound to arbitrate its claims. *See Merrill Lynch,* 235 S.W.3d at 191; *In re Weekley Homes, L.P.,* 180 S.W.3d 127, 131 (Tex.2005). For example, a nonparty may be required to arbitrate if (1) liability for its claim arises from the contract containing the arbitration provision or (2) it deliberately seeks and obtains substantial benefits from the contract itself. *Weekley Homes,* 180 S.W.3d at 132–33. This theory, known as direct-benefits estoppel, will not create liability for non-contracting parties that does not otherwise exist. *Id.* at 134. Nor does it apply when the benefits alleged are insubstantial or indirect. *Id.*

In this case, Landry Marks's claims do not arise from the APF–ASR factoring agreement but are based instead on APF's alleged misrepresentations or omissions with respect to the existence and amount of the accounts receivable Landry Marks purchased from ASR. Simply because Landry Marks forwarded the purchase price directly to APF as the current owner of the accounts does not mean Landry Marks's claims arose from or are dependent upon the factoring agreement from which APF derived its ownership interest. Contrary to APF's position, any duty owed to Landry Marks with respect to misrepresentations or disclosures on the accounts arose from general obligations imposed by law as a result of their dealings and were not derived from the APF–ASR factoring

---

**4.** An interlocutory appeal is the proper vehicle for challenging the denial of a motion to compel arbitration under the TAA. *See Tipps,* 842 S.W.2d at 272.

**5.** APF also argues that Landry Marks should be bound to the arbitration clause because it "stepped into the shoes" of ASR by tortiously

interfering with the factoring agreement's exclusivity clause. Because APF did not present this argument to the trial court, we will not consider it here. *See In re American Optical Corp.,* 988 S.W.2d 711, 714 (Tex.1998) (orig. proceeding).

agreement. Likewise, the payoff amount and actions requested of APF did not arise from the factoring agreement but from the termination agreement between ASR and APF.

In essence, the APF–ASR factoring agreement merely created the conditions that led Landry Marks to deal with APF. There is nothing in the record to suggest Landry Marks received any substantial benefit from the factoring agreement itself or that its claims depend on the factoring agreement. As such, direct-benefits estoppel does not apply to Landry Marks's claims against APF and the trial court did not abuse its discretion in denying APF's motion to compel arbitration on this ground.

## III.

APF also argues that the trial court erred in denying its motion to compel arbitration because (1) the APF–ASR factoring agreement was incorporated by reference into the letter agreement between Landry Marks and APF and (2) Landry Marks accepted assignment of the ASR accounts and, thus, assumed ASR's obligations under the APF–ASR factoring agreement. Neither of these arguments were presented to the trial court. It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *See American Optical,* 988 S.W.2d at 714. Even if the arguments were properly before us, however, we conclude they are without merit.

APF maintains the phrase "your receipt of $2,676,192.37 … in full payment of ASR's obligations to you" in the parties' letter agreement necessarily refers to ASR's obligations under the factoring agreement. We disagree that this language incorporates by reference the APF–ASR factoring agreement into the letter

agreement. In fact, the payment obligation mentioned arose directly from the agreement to terminate the APF–ASR factoring agreement.

We likewise reject APF's contention that Landry Marks assumed or was assigned ASR's obligations under the APF–ASR factoring agreement. As noted above, that factoring agreement was terminated in a separate agreement executed by APF and ASR. Any references to Landry Marks's "assignment" of the accounts arose from the ASR–Landry Marks factoring agreement.

We conclude the trial court did not abuse its discretion in denying APF's motion to compel arbitration. We deny APF's petition for writ of mandamus and dismiss its interlocutory appeal.