

# NUMBER 13-13-00351-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REGAL ENERGY L.L.C., ET AL.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

Relators, Regal Energy, L.L.C., Regal Energy Operating, L.L.C., Red River Securities, L.L.C., Brian Keith Hardwick, Terry P. Gray, Henry Jody Redlich III, John Michael Peddicord II, Scott Thomas Schaffer, Regal Nash #1 Joint Venture, Regal Nash #2 Joint Venture, Regal Boonesville #1 Joint Venture, Regal Bennett #1 Joint Venture, Regal Blessing #1 Joint Venture, and Paul Vaugh, filed a petition for writ of mandamus in the above cause on July 17, 2013, requesting that we direct the trial court to grant their motion to transfer venue of the underlying case from Nueces County to Collin County, Texas. We deny the petition for writ of mandamus.

## I. BACKGROUND

Clifford L. Zarsky passed away on June 18, 2011. His family filed an application to probate his estate in Nueces County Court at Law Number Four, and the probate of his estate remains pending in that court. In the probate proceeding, Joyce C. Zarsky, individually and in her capacity as co-executrix of the estate, Robin Perrone, individually and in her capacity as co-executrix of the estate, and Zarsky General Partner, L.L.C. (collectively the "Zarsky parties"), brought suit against relators for alleged violations of the Texas Securities Act and the Texas Deceptive Trade Practices Act, fraud, negligence, and negligent misrepresentation. The Zarsky parties alleged that the relators induced the decedent, prior to his death, to purchase joint venture units in order to receive working interests and revenue interests in oil and gas wells in the Barnett Shale, which is located in North Texas. According to the original petition, relators "purposefully disguised the transactions as . . . joint ventures in order to evade the rules and regulations pertaining to the sale of securities in Texas," but the "substance of these transactions compared with Texas securities laws dictates that [relators were] selling securities." The Zarsky parties alleged that relators fraudulently induced the decedent to enter into the investments and transactions; however, the joint venture agreements were void due to violations of the laws regarding securities.

The "Jurisdiction and Venue" section of the Zarsky parties' petition states:

> Venue is proper and this Court has jurisdiction over this matter because the matters alleged in this suit relate to a probate and estate proceeding originally filed and currently pending in this same Court. This Court has personal jurisdiction over the Defendants because they are residents of the State of Texas. This Court has subject matter jurisdiction over the claims stated herein because the damages are within the jurisdictional limits of this Court. Venue for this suit under the Deceptive Trade Practices Act (DTPA) and the other causes of action listed herein is proper

2

in Nueces County, Texas under Texas Business and Commerce Code section 17.56 and Civil Practice and Remedies Code sections 15.002, 15.033, and 15.035 in that all or a substantial part of the events or omissions giving rise to the events or omissions giving rise to the claims occurred in Nueces County, Texas.

See TEX. BUS. & COM. CODE ANN. § 17.56 (West 2011) (providing for venue under the DTPA); TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (West 2002) (providing for venue under the general venue statute); *id.* § 15.033 (West 2002) (providing for venue in cases for breach of warranty against a manufacturer); *id.* § 15.035 (West 2002) (providing for venue in cases based on a contract in writing).

Relators filed a motion to transfer venue to Collin County as a "permissive and/or proper county of venue." Relators alleged that venue was permissive or proper in Collin County pursuant to the "general venue rules in Section 15.002(a) of the Texas Civil Practice and Remedies Code." *See id.* § 15.002. Relators specifically contended that venue was proper in Collin County because it is the county where all relators' principal offices and places of business are located, all of the relators do business there, and all actions complained of occurred there. Relators further alleged that the contractual joint venture agreements underlying their causes of action provide:

Section 12.4—Applicable Law. This Agreement and the application or interpretation hereof shall exclusively be governed by and construed in accordance with the laws of the State of Texas. This Agreement shall be deemed to be performable in and venue shall be mandatory in Plano, Texas.

Relators thus argued that "this case should be transferred to Collin County because the Plaintiffs have pled no venue facts to support venue of this suit in Nueces County, and Collin County is a permissive and/or proper county of venue." Relators supported their

3

motion to transfer venue with copies of the joint venture agreements and an affidavit executed by Brian Hardwick, one of the relators.

The Zarsky parties filed a response to the motion to transfer venue which substantially reiterated the allegations in their petition regarding jurisdiction and venue. They supported their response with affidavits, pleadings, stipulations, and assorted documentation pertaining to the joint venture investments.

The trial court denied the motion to transfer venue and this original proceeding ensued. By four issues, which we address out of order, relators contend: (1) the trial court clearly abused his discretion by denying the motion to transfer venue; (2) the trial court does not have exclusive jurisdiction over this matter; (3) the mandatory venue provision of section 15.020(b) of the civil practice and remedies code requires the case to be transferred to Collin County; and (4) the mandatory venue provision in the agreement between the parties requires the case to be transferred to Collin County. The Court requested and received a response to the petition for writ of mandamus from the Zarsky parties.

## II. STANDARD OF REVIEW

Under normal standards for mandamus review, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). However, section 15.0642 of the Texas Civil Practice and Remedies Code provides for mandamus relief to enforce "the mandatory venue provisions of this

chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002). When a trial court fails to grant a motion to transfer venue pursuant to mandatory venue statutes, mandamus is an available remedy and the relator is not required to show the lack of an adequate remedy by appeal. *See id.*; *In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding); *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig. proceeding). In contrast, as a general rule, permissive venue determinations are not reviewable by mandamus. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 215–16; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). Mandamus review of permissive venue determinations is appropriate only in "extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d at 262; *In re Reynolds*, 369 S.W.3d 638, 647 (Tex. App.—Tyler 2012, orig. proceeding).

### III. LACHES

We first address the Zarsky parties' assertion that relators' delay in filing this original proceeding precludes mandamus relief. Real parties assert that the trial court denied the motion to transfer venue on October 16, 2012, more than nine months ago, yet the petition for writ of mandamus was not filed until July 17, 2013.

Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366,

5

367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). To invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting its rights and also the moving party's good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). Under certain circumstances, a delay in the filing of a petition for writ of mandamus may be justified. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 676; *see In re SCI Tex. Funeral Servs., Inc.*, 236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding) (holding that a delay of slightly less than six months did not constitute laches because the time was required to obtain records of numerous discovery hearings and brief issues for court).

Real parties do not assert that they have suffered a detrimental change in their position due to relators' delay. Accordingly, while we view the nine-month period of delay in this case with a jaundiced eye, we conclude that the delay alone does not preclude mandamus review. *See In re Laibe Corp.*, 307 S.W.3d at 318. We therefore reject real parties' argument that equitable considerations bar the granting of relief on this petition for writ of mandamus. We now turn to the merits of this original proceeding.

## IV. PERMISSIVE VENUE

Relators' motion to transfer venue was generally premised on permissive venue issues. Relators sought a transfer of venue to Collin County as a "permissive and/or proper county of venue." By petition for writ of mandamus, relators contend that venue is not proper in Nueces County because the relators have established that they "are

6

domiciled in Plano, Collin County, Texas and that the actions and/or events that have occurred, occurred in Plano, Collin County, Texas."

As stated previously, we do not generally review permissive venue issues by mandamus. *In re Team Rocket, L.P.*, 256 S.W.3d at 262; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 215–16; *In re Masonite Corp.*, 997 S.W.2d at 197. Further, relators do not present argument or authority indicating that this case presents "extraordinary circumstances" that would merit mandamus review. *In re Team Rocket, L.P.*, 256 S.W.3d at 262; *see also In re Masonite Corp.*, 997 S.W.2d at 197; *In re Reynolds*, 369 S.W.3d at 647. Accordingly, we do not address any issue pertaining to permissive venue in this original proceeding. To the extent that relators' first issue pertains to permissive venue, it is overruled.

## V. VENUE BASED ON A MAJOR TRANSACTION

Relator's petition for writ of mandamus contends that venue should have been transferred to Collin County based on the mandatory venue provision of section 15.020(b) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020(b). Section 15.020 is one of the mandatory venue provisions contained in chapter 15 of the civil practice and remedies code and is therefore enforceable by mandamus. *See id.* § 15.0642; *Shamoun & Norman, LLP v. Yarto Int'l Group, LP*, 398 S.W.3d 272, 292 (Tex. App.—Corpus Christi 2012, pet. dism'd) (combined appeal & orig. proceeding). This section provides that contractual venue selection clauses may be enforceable in cases involving "major transactions." TEX. CIV. PRAC. & REM. CODE ANN. § 15.020. A "major transaction" is "a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive,

7

consideration with an aggregate stated value equal to or greater than $1 million." *Id.* § 15.020(a). The definition of "major transaction" excludes transactions "entered into primarily for personal, family, or household purposes, or to settle a personal injury or wrongful death claim . . . ." *Id.* Section 15.020 is not applicable where: (1) the agreement regarding venue was unconscionable at the time that it was made; (2) the agreement regarding venue is voidable under chapter 272 of the business and commerce code, relating to construction and repairs of improvements to real estate; or (3) venue is established under a statute other than title 2 of the civil practice and remedies code. *Id.* § 15.020(d). Relators contend that section 15.020 applies to this case because the Zarksy parties have alleged in their pleadings that relators fraudulently induced the decedent to purchase $5,891,625.00 in joint venture securities.

Relators' motion to transfer venue does not reference section 15.020 or otherwise invoke mandatory venue based on a major transaction. It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding); *Advance Payroll Funding, Ltd. v. Landry Marks Partners, LP*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, no pet.); *In re Olshan Found. Repair Co. of Dallas, LLC*, 192 S.W.3d 922, 923 (Tex. App.—Waco 2006, orig. proceeding) (per curiam); *In re Chu*, 134 S.W.3d 459, 463 (Tex. App.—Waco 2005, orig. proceeding); *see also In re Weisinger*, No. 12-12-00278-CR, 2013 WL 776355, at *1 (Tex. App.—Tyler Feb. 28, 2013, orig. proceeding) (mem. op.) (not designated for publication). If a party does not present an argument to the trial court through a timely request, objection, or motion, the argument is not preserved and cannot be made on appeal. *See* TEX. R. APP. P.

8

33.1(a)(1); *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936, 937–38 (Tex. App.—Tyler 2005, orig. proceeding) (applying this rule with regard to the "demand and refusal" requirement for mandamus relief). Relators' contention that venue should be transferred to Collin County based on mandatory venue in cases involving a major transaction as specified in the civil practice and remedies code was not presented to the trial court. Accordingly, we do not consider this issue herein. *See In re Am. Optical Corp.*, 988 S.W.2d at 714. We overrule relators' third issue.

## VI. CONTRACTUAL VENUE

In their motion to transfer venue, relators contend that the venue provision in the agreement between the parties establishes that venue is mandatory in Collin County. As noted previously, the joint venture agreements specify that they are "performable in and venue shall be mandatory in Plano, Texas." In general, the fixing of venue by contract is invalid. *Shamoun & Norman, LLP*, 398 S.W.3d at 293; *In re Great Lakes Dredge & Dock Co.*, 251 S.W.3d 68, 76 (Tex. App.—Corpus Christi 2008, orig. proceeding) (citing *Fid. Union Life Ins. Co. v. Evans*, 477 S.W.2d 535, 537 (Tex. 1972)). Relators present no argument or authority regarding this proposition of law, or that the venue provisions in the joint venture agreements require mandatory venue in Collin County, or that the contractual venue provisions constitute mandatory venue provisions which are susceptible to mandamus review. *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (providing for mandamus review of mandatory venue provisions) with *id.* § 15.035(a) (providing for permissive venue based on contract performance); *see In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 116 (Tex. 2006) (original proceeding) ("Section 15.035 of the Civil Practice and Remedies Code is a permissive,

9

not mandatory, venue provision dealing with written contracts."). We overrule relators' fourth issue.

## VII. JURISDICTION

Finally, relators contend that the court below, as a probate court, does not have exclusive jurisdiction in this matter, thus venue should be transferred to Collin County. The question of venue presupposes that more than one court could exercise jurisdiction over the case. *See Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (explaining that jurisdictional statutes speak to the court's power to hear case). This proceeding arises from Nueces County Court at Law Number Four. *See* TEX. GOV'T CODE ANN. § 25.1802 (West Supp. 2011) (delineating the jurisdiction for Nueces County courts at law). Texas Government Code section 25.003(d) authorizes county courts at law to exercise original probate jurisdiction unless there is a statutory probate court in the same county. *See id.* § 25.003(d), (e) (West Supp. 2011); *see also* TEX. PROB. CODE ANN. § 4C(b) (West Supp. 2011) (delineating the jurisdiction for probate proceedings); *id.* § 607A(b) (West Supp. 2011) (delineating the jurisdiction for guardianship proceedings). A county court at law with original jurisdiction over probate proceedings may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy. *See* TEX. PROB. CODE ANN. § 4A(b); *see also id.* § 3(e) (West Supp. 2011) (stating that a "probate court" is any court exercising original probate jurisdiction).

Relators' contention that the Nueces County Court does not have exclusive jurisdiction in this matter was not raised in the trial court. *See In re Am. Optical Corp.*, 988 S.W.2d at 714; *Advance Payroll Funding, Ltd.*, 254 S.W.3d at 714. Moreover, this

10

issue is irrelevant to the issue of whether mandatory venue for the underlying lawsuit lies in Collin County. *See* TEX. R. APP. P. 47.1, 47.4; *Herring v. Welborn*, 22 S.W.3d 132, 141 (Tex. App.—San Antonio 2000, no pet.) (stating that jurisdictional requirements, such as those contained in the probate code, take precedence over mandatory venue provisions). In this regard, we note that relators do not contend that the trial court lacks jurisdiction over the underlying case. We overrule relators' second issue.

## VIII. CONCLUSION

Having overruled each of relators' issues, we deny the petition for writ of mandamus.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
19th day of September, 2013.