**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 11, 2018.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-18-00843-CV**

---

**IN RE TOTAL PETROCHEMICALS & REFINING USA, INC., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-88245-A**

## MEMORANDUM OPINION

On September 27, 2018, relator Total Petrochemicals & Refining USA, Inc. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Alexandra Smoots-Thomas, presiding judge of the 164th District Court of Harris County, to vacate her May 24, 2018 order granting

"Plaintiff's Second Motion for Reconsideration of Defendant Total Petrochemicals & Refining USA, Inc.'s Motion for Summary Judgment" and denying "Defendant Total Petrochemicals & Refining USA, Inc.'s Motion for Summary Judgment."

Relator's petition presents one argument—that this order is void because it was signed after the trial court's plenary jurisdiction had expired.

Our court may not consider this argument because the record does not show that it has been presented to and ruled on by the trial court.[1] Accordingly, we deny relator's petition for writ of mandamus.[2]

PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.

---

[1] Arguments not presented to the trial court will not be considered in the review of a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). "It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus." *In re RH White Oak, LLC*, No. 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (mem. op.) (quoting *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding)); *see also In re Jindal Saw Ltd.*, 264 S.W.3d 755, 767 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding) (concluding that arguments asserted in mandamus petition could not be considered because they were not first presented to trial court). This rule—that arguments must first be presented to the trial court—applies even to arguments that the trial court lacked subject matter jurisdiction. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding). Generally, mandamus is not available to compel an action which has not first been demanded and refused. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991).

[2] This opinion does not preclude relator from filing another petition for writ of mandamus, if necessary, after relator has presented its argument to the trial court and the trial court has ruled.