**Order filed October 22, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00786-CV

**IN RE  MAGGY HORGAN**

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**328th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCV-258949**

## A B A T E M E N T   O R D E R

On October 9, 2019, Maggy Horgan filed a petition for writ of habeas corpus asking our court to compel Judge Armatys of the 328th District Court of Fort Bend County to vacate the September 16, 2019 order of enforcement by contempt and order for commitment of Maggy to jail.

After this court issued a bond for the release of Maggy Horgan and requested a response to the petition, real party-in-interest John Horgan, III filed an Unopposed Request for Writ of Habeas Corpus, in which real party requested that

this court vacate the contempt and confinement orders and discharge Maggy Horgan from confinement.

The parties, however, have not provided a record showing that the arguments stated in relator's petition have been presented to the trial court or that doing so would have been futile and would not have added anything for the trial court's consideration.

"As a rule, mandamus is not available to compel an action which has not first been demanded and refused." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991). But such requirement is excused when the request would have been futile and the trial court's refusal little more than a formality. *Id*. "To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the court's consideration." *In re RH White Oak, LLC*, 442 S.W.3d 492, 503 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (per curiam). Arguments not presented to the trial court will not be considered in the review of a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). "It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus." *In re RH White Oak, LLC*, No. 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (mem. op.) (quoting *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding)); *see also In re Jindal Saw Ltd.*, 264 S.W.3d 755, 767 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding) (concluding that arguments asserted in mandamus petition could not be considered because they were not first presented to trial court). This requirement—of a predicate request and presentment of arguments to the trial court—has been applied or cited by decisions of our court seeking mandamus review of a contempt

order. *See In Re American Workers Insurance Services Inc. and Association Health Care Management, Inc.*, Relators, No. 14-19-00795-CV, 2019 WL 5107038, at *1 (Tex. App.—Houston [14th Dist.] Oct. 11, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Choice! Energy, L.P.*, 325 S.W.3d 805, 810 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

Immediate review of relator's petition is not necessary because relator has been released from confinement.

Because the parties are in agreement that the contempt and confinement orders should be vacated but have not provided a record showing that the arguments stated in relator's petition have been presented to the trial court or that doing so would have been futile, we **ABATE** this case and remove it from the court's active docket to provide the parties the opportunity to ask Judge Armatys to reconsider the contempt and confinement orders. Relator is **ORDERED** to notify the court on or before 5:00 p.m. January 6, 2020, of the status of any reconsideration proceedings in the trial court and whether relator desires to prosecute this original proceeding. Failure to comply with this order will result in the denial of relator's petition.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.