**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 30, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00036-CV

---

## IN RE JEAN Y. JABBOR, JENNIS. LLC, AND HREAL LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-54795**

---

## MEMORANDUM OPINION

On January 17, 2020, relators Jean Y. Jabbor, Jennis LLC, and HReal LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Dedra Davis, presiding judge of the 270th District Court of Harris County, to vacate the October 22, 2019 order re-instating the case.

As the party seeking relief, relators have the burden of providing this court with a sufficient record to establish their right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a).

Relators argue that because the trial court signed its order reinstating the case after its plenary jurisdiction had allegedly expired, such order is void. Relators are not entitled to mandamus relief for two reasons.

First, "[a]s a rule, mandamus is not available to compel an action which has not first been demanded and refused." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991). But such requirement is excused when the request would have been futile and the trial court's refusal little more than a formality. *Id*. "To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the court's consideration." *In re Brown*, 277 S.W.3d 474, 483 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (plurality op.); *In re RH White Oak, LLC*, 442 S.W.3d 492, 503 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). The record does not show that relators requested the trial court to vacate the reinstatement order as void and that such request was refused.[1] Nor does the record show that making such request would not have added anything for the court's consideration.

---

[1] "After expiration of plenary power, a trial court still may sign an order declaring a prior judgment or order to be void because the trial court signed the prior judgment or order after expiration of the court's plenary power." *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).

Second, arguments not presented to the trial court will not be considered in the review of a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). "It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus." *In re RH White Oak, LLC*, No. 14-15-00789-CV, 2016 WL 3213411, at *9 (Tex. App.—Houston [14th Dist.] June 9, 2016, orig. proceeding) (mem. op.) (quoting *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding)). This rule—that arguments must first be presented to the trial court—applies even to complaints that an order or judgment is void because the trial court lacked jurisdiction. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017). The record does not show that relators have presented the arguments stated in their petition to the trial court.

For these reasons, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.