**Kirk MILLS, et al., Appellants,**

**v.**

**Risa Ann GHILAIN, et al., Appellees.**

**No. 13–00–555–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 20, 2001.

David Horton, Neel & Horton, L.L.P., Kirk Mills, Attorney At Law, South Padre Island, for Appellants.

Luis R. Hernandez, Fleming & Hernandez, Attorneys At Law, Richard E. Zayas, Attorney At Law, Brownsville, for Appellees.

Before: Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

VALDEZ, Chief Justice.

Attorneys Kirk Mills and David Horton appeal an order from county court at law

sanctioning them in the total amount of $7,575.00. We reverse and remand.

## Factual and Procedural Background

The underlying lawsuit involves ownership of a 1993 Ford pickup truck. Risa Ann Ghilain sold her 1993 Ford pickup to Ginny and Harris Byerley. She accepted $1,000.00 for the pickup, either as a deposit while the sale price was being negotiated, or as the total price, and the Byerleys took possession of the pickup. Risa Ann's father, Dan Bruce Ghilain, was the lien holder on the pickup.

Risa Ann filed suit against the Byerleys for the return of the vehicle in justice of the peace court in Cameron County. On May 30, 2000, she filed a nonsuit in that case and filed a new lawsuit in county court at law in Cameron County. David Horton represented Risa Ann in both lawsuits. This appeal arises from the proceedings in county court.

Dan Bruce Ghilain was not a party to Risa Ann's original petition in county court against the Byerleys. However, both Risa Ann's motion for temporary restraining order and motion for temporary injunction ask, as an alternative form of relief, that the pickup truck be returned to Dan Bruce as lienholder.

Dan Bruce first appears as a party in the pleadings on July 7, 2000, when the Byerleys counterclaimed against both Risa Ann and Dan Bruce. The counterclaim states that service can be perfected against Risa Ann and Dan Bruce by filing service on "their attorney of record David Horton." Other documents filed by the Byerleys, such as a motion for docket control conference, recite in the certificate of

service that Horton is the attorney of record for both Ghilains. Horton did not file any pleadings on behalf of Dan Bruce, or, according to the record, take any steps to clarify his current position that he never represented Dan Bruce in the county court.[1]

On June 21, 2000, the trial court held a hearing on Risa Ann's motion for temporary restraining order. Horton appeared for Risa Ann. Although the court reporter's record does not show an appearance by Kirk Mills, Mills apparently participated in the hearing.

That same day, the trial court granted the temporary restraining order in part and denied it in part. The trial court ordered the Byerleys to procure insurance on the pickup or desist driving it, and to inform Risa Ann of the location of the vehicle. The trial court denied the motion insofar as it requested the court to order the Byerleys to return the pickup to Risa Ann.

A little more than a week later, Dan Bruce Ghilain, by and through attorney Kirk Mills, filed a new lawsuit in justice of the peace court against Risa Ann to foreclose on his lien and obtain return of the pickup. The petition does not name the Byerleys as defendants, but does refer to them as "third parties defendants in the related case." A "personal data sheet" filed for that cause shows Mills representing Dan Bruce and Horton representing Risa Ann. On July 3, 2000, Dan Bruce applied for and received a writ of sequestration on the pickup in that same court. The writ of sequestration itself refers to the Byerleys as "Necessary Parties Defen-

---

1. Although not a part of the official record on appeal, in their response brief, appellees have included a copy of a settlement letter sent by Horton to the Byerleys' attorneys in the first justice of the peace court proceeding. According to his settlement letter dated May 24, 2000, Horton states that "In reference [to] the above case, we have been retained by Ms. Risa Ann Ghilain, and Mr. Dan Bruce Ghilain, to represent them."

dants." Both Kirk Mills and David Horton appear as sureties on the bond for sequestration.

Back in county court, on July 17, 2000, the Byerleys filed a motion for protective order and motion for sanctions, initially reminding the court that it had denied Risa Ann's request for possession of the vehicle:

> Notwithstanding the Court's order, denying the Risa Ann Ghilain's **request for possession of the vehicle in question,** Ms. Ghilain by and through her attorney of record, filed a **FRAUDULENT** *Writ of Sequestration with the Justice of the Peace Office, Precinct 1 Place 1, Cameron County, Texas, Cause No. 00–1782– SC, Dan Bruce Ghilain vs. Risa Ann Ghilain and Ginny Byerley and Harris Byerley* ... This Writ of Sequestration, is an attempt to attain the vehicle in violation of this Court's order. The vehicle in question is the subject of this Court's jurisdiction and none others. Risa Ann Ghilain is collaterally estopped from attacking this Court's ruling. Counterplaintiffs herewith request that this Court dissolve the Writ of Sequestration, and Order Sanctions be assessed against Risa Ann Ghilain and Dan Bruce Ghilain for such conduct. ...

The motion for sanctions again references Horton as the attorney for both Risa Ann and Dan Bruce Ghilain, and does not reference service on Mills. However, the Byerleys' second amended original counterclaim, filed on July 26, 2000, asks for service of citation upon third party defendant Dan Bruce by personal service at his address.

The court set the motion for sanctions for hearing, and served the notice of hearing on "David Horton" [sic], but not Mills. The court heard the motion on July 27, 2000. David Horton appeared, but not Mills. At the hearing, Horton denied ever representing Dan Bruce Ghilain, and denied that he or his client Risa Ann had filed the writ of sequestration. The trial court entered an order sanctioning Risa Ann Ghilain, David Horton, and Kirk Mills. The court ordered that Mills and Horton return the pickup to the Byerleys, and assessed monetary sanctions against Mills, Risa Ann, and David Horton. Mills was "in all things sanctioned" for $6,000.00. Attorney's fees of $1,200.00 and $375.00 were assessed against Risa Ann, Mills, and Horton, payable to Luis Hernandez and Richard E. Zayas, respectively, as attorneys for the Byerleys.

Although the trial court did not issue separate findings of fact and conclusions of law, the court did make certain findings in its order of sanctions. In essence, the trial court found that it had jurisdiction over the pickup truck and that Risa Ann, David Horton, and Kirk Mills acted in concert to attain possession of the pickup in contravention of its ruling. The trial court further found that Mills and Horton were appearing in the two proceedings alternatively as attorneys for adverse parties: Mills appeared in the county court proceeding on the temporary restraining order for Risa Ann, yet purported to represent Dan Bruce in the justice of the peace court proceeding, and David Horton appeared in both proceedings for Risa Ann, yet signed as a surety for Dan Bruce in the justice of the peace court proceeding.

After the trial court issued its oral ruling granting sanctions on July 27, 2000, and before the trial court entered its written order on August 10, 2000, David Horton brought a petition for writ of mandamus and motion for emergency relief in this Court, which was denied.

The parties thereafter settled their claims and the trial court entered nonsuits. This appeal ensued. When a case is set-

tled, or concluded with a nonsuit, sanctions can be reviewed on appeal. *See Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (Tex.1991) (appeal after nonsuit); *Braden v. S. Main Bank,* 837 S.W.2d 733, 741 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (appeal after settlement).

### Sanctions

■ The trial court's order imposing sanctions does not specify the underlying legal rules or statutes under which it imposed sanctions. However, courts have inherent power to discipline attorneys for improper conduct. *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997); *Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 172 (Tex.1993); *see also* TEX.GOV'TCODE ANN. § 21.001(a) (Vernon Supp.2001) (court has all powers necessary to enforce its orders). Further, a court can punish a lawyer for contempt of court or misbehavior. *See* TEX.GOV'TCODE ANN. § 21.002 (Vernon Supp.2001) (allows monetary fine or imprisonment; however available monetary awards less than awarded in this case); TEX.GOV'TCODE ANN. § 82.061 (Vernon 1998) (allows for fine or imprisonment for misbehavior or contempt); *see also* TEX. R.CIV.P. 13 (groundless pleadings); TEX. R.CIV.P. 215 (discovery abuse); TEX.CIV. PRAC. & REM.CODE ANN. § 9.012 (Vernon Supp.2001) (groundless pleadings); TEX. CIV.PRAC. & REM.CODE ANN. § 10.004 (Vernon Supp.2001) (frivolous pleadings).

■ The trial court has inherent power to sanction to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the court's administration of its core functions, including hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering final judgment, and enforcing that judgment. *See Toles v. Toles,* 45 S.W.3d 252, 266–67 (Tex.App.—Dallas 2001, pet. denied); *Metzger v. Sebek,* 892 S.W.2d 20, 51 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Kutch v. Del Mar Coll.,* 831 S.W.2d 506, 509 (Tex. App.—Corpus Christi 1992, no writ). In order to uphold a sanction imposed under a court's inherent power, there must be some support in the record that the conduct complained of significantly interfered with the court's legitimate exercise of one of these functions. *Toles,* 45 S.W.3d at 267; *Kutch,* 831 S.W.2d at 510.

■ The standard of review for sanction orders is abuse of discretion. *Bennett,* 960 S.W.2d at 40; *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). If the trial court makes findings of fact to support its sanction order, the findings are not to be treated on appeal as findings of fact made under Texas Rule of Civil Procedure 296, which are reviewed for legal and factual sufficiency. *IKB Indus. Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 442 (Tex.1997); *Chrysler Corp.,* 841 S.W.2d at 852. Rather, findings filed by the trial court following the imposition of sanctions are merely utilized to assist the appellate court in deciding whether the trial court abused its discretion. *IKB Indus. Ltd.,* 938 S.W.2d at 442. We review the entire record to determine if the trial court acted arbitrarily and unreasonably and thus abused its discretion. *Id.; see Toles,* 45 S.W.3d at 266.

### Analysis

In their first and second issues, appellants argue that the trial court abused its discretion in sanctioning Mills without notice or hearing. According to the appellees, notice of the hearing was given to Horton and such notice was imputed to Mills, as Horton's co-counsel.

■ Proceedings for sanctions must comport with due process, affording a party an adequate opportunity to be heard. *Bennett*, 960 S.W.2d at 40. The traditional due process protections of notice and hearing are required before sanctions may be imposed. *See In re Acceptance Ins. Co.*, 33 S.W.3d 443, 450 (Tex.App.—Fort Worth 2000, orig. proceeding); *In re L.A.M. & Assocs.*, 975 S.W.2d 80, 83 (Tex.App.—San Antonio 1998, orig. proceeding).

■ According to the record, Mills did not receive notice of the sanction hearing. The fiat sent by the court scheduling the hearing date shows that a copy was sent to "David Horton," [sic] but not to Mills. The Byerleys' motion for sanctions shows service on Horton as counsel for both Risa Ann and Dan Bruce, but does not in any way reference Mills. In short, except for the hearing on the temporary restraining order, Mills never appears in the underlying proceeding. Mills was not an attorney of record for any party in county court, and does not appear in any way on any of the pleadings filed in county court.

Appellees argue that, as co-counsel to Horton, Mills had imputed notice of the sanction hearing. In support of this proposition, appellees cite Texas Rule of Civil Procedure 21a; however, rule 21a merely provides for service on the party to be served on the party's duly authorized agent or attorney of record. *See* TEX. R.CIV.P. 21a. Although Mills and Horton are members of different law firms, there is some evidence in the record that Mills and Horton were acting in concert. In its sanction order, the trial court found that "at the June 21, 2000, TRO hearing, Mr. Kirk Mills and David Horton made appearances for Risa Ann Ghilain." Appellants concede that Mills appeared at this hearing. At the hearing on the motion for sanctions, Horton expressly denied that Mills was his co-counsel. While Horton

admitted that Mills assisted him at the hearing on the temporary restraining order, he asserted that Mills did so on behalf of Dan Bruce Ghilain. Moreover, Mills and Horton acted as co-sureties on the bond in the justice of the peace court.

With regard to the concept of "imputed" notice, there is authority that notice to an attorney, acquired during the existence of the attorney-client relationship, is imputed to the client. *Allied Res. Corp. v. Mo–Vac Serv. Co.*, 871 S.W.2d 773, 778 (Tex.App.—Corpus Christi 1994, writ denied). Moreover, in the attorney-client context, the "[m]eans of knowledge with the duty of using them are in equity equivalent to knowledge itself." *Id.* (quoting *Champlin Oil & Ref. Co. v. Chastain*, 403 S.W.2d 376, 388 (Tex.1965)). However, appellees have not cited any cases supporting the proposition that notice of a sanction proceeding may be imputed to co-counsel. Moreover, even if such cases were to exist, it is doubtful that any such "imputed" notice would satisfy the requirements of due process. *See Bennett*, 960 S.W.2d at 40.

Based upon the record before this Court, we conclude that Mills failed to receive notice and hearing before sanctions were imposed against him. We therefore sustain appellants' first and second issues. We reverse the trial court's order sanctioning Mills for $6,000.00, and further reverse the order awarding attorney's fees of $1,575.00 because the fees were assessed, at least in part, against attorney Mills. These sanctions are reversed and remanded to the trial court for an evidentiary hearing following proper notice. *See Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 853 (Tex.App.—Houston [14th Dist.] 1997, no writ) (concerning sanctions imposed under TEX.R.CIV.P. 13). Given our disposition of these issues, we need not address appellants' remaining points on appeal. TEX.R.APP.P. 47.1.

On April 10, 2001, appellants filed a "motion regarding appellees' references in their brief to matters outside the record," which we ordered carried with the case. We now deny that motion.

The order of the trial court imposing sanctions is reversed and remanded for further proceedings consistent with this opinion.