WR-61,939-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/29/2015 4:41:19 PM
Accepted 1/30/2015 9:01:55 AM
ABEL ACOSTA
CLERK

**Nos. WR-61,939-01 and WR-61,939-02**

**IN RE DAVID DOW AND
JEFFREY R. NEWBERRY,**

RECEIVED
COURT OF CRIMINAL APPEALS
1/30/2015
ABEL ACOSTA, CLERK

**Respondents.**

_____

**MOTION REQUESTING ORAL ARGUMENT**
_____

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Now comes David Dow and Jeffrey Newberry by and through their attorneys and files this request that this Court grant oral argument on their motion for rehearing and would show this Court the following:

On January 14, 2015, this Court issued its order in which the Respondents David Dow and Jeffrey Newberry were held in contempt and this Court imposed punishment for each attorney. The Court's order presents a number of legal issues that need to be addressed including:

(1) Whether this Court exceeded its authority in imposing the sanction of suspending Dow from practicing before it;

(2) Whether the filing at was timely under this Court's rules; and

-1-

(3) Whether based on the Rule of Lenity, even if the filing was not timely, the punishment imposed on Dow is excessive.

These issues have never been raised by the Respondents and are important issues that should be addressed by the Court. According to the State Bar Act, Tex. Gov't. Code §81.011 and Article II § I of the Texas Constitution, the authority to suspend a lawyer from the practice of law in this State rests solely with the Supreme Court of Texas and not in this Court.[1] *See In re State Bar*, 113 S.W. 3d 730 (Tex. 2003); *In re Caballero*, 441 S.W. 3d 562 (Tex. App. 2014); *Mills v. Ghilain*, 68 S.W. 3d 141 (Texas App. 2001).

Accordingly, it is Respondents belief that oral argument would assist this Court in determining the proper sanctions that should be imposed that is commiserate with the Respondents' conduct. Respondents are dedicated lawyers who work hard on behalf of their clients who are solely on death row. This is difficult work that few lawyers want to engage in and few lawyers who do this work are dedicated to zealously represent their clients whom the State seeks to execute.

Dow currently represents at least twelve death-sentenced Texas defendants in their federal habeas proceedings. Dow was appointed to represent these individuals

---

[1] Respondent intend to seek mandamus in the Supreme Court of Texas so that the constitutional and statutory authority of that Court is preserved.

-2-

pursuant to 18 U.S.C. § 3599. Pursuant to that federal statute, Dow is obligated to represent those individuals "throughout every subsequent stage of available judicial proceedings, including … all available post-conviction process, together with applications for says of execution and other appropriate motions and procedures…." 18 U.S.C. § 3599 (e). As this Court is well aware, fulfilling these obligations often requires federal habeas counsel to return to this Court.

A second issue that could be addressed by oral argument is the procedure used by this Court as part of the contempt proceedings. While this Court found Dow in contempt, the statutorily-allowed punishment for contempt is a "fine of not more than $500 or confinement in the country jail for not more than six months, or both such a fine and confinement in jail." Tex. Gov't Code § 21.002(b). Normally, when an attorney is found in contempt, the attorney has a right to appeal and have a determination that in fact the conduct was contemptuous and the punishment appropriate before an independent tribunal. This Court's procedure and sanction deprives Dow of that opportunity. This Court's suspending Dow is therefore interfering with the duty he owes to his clients whose cases are pending in the federal courts.

## PRAYER FOR RELIEF

Respondents pray that this Court grant oral argument in this cause.

Respectfully Submitted,

SCHNEIDER & McKINNEY, P.C.

/s/ Stanley G. Schneider
Stanley G. Schneider
T.B.C. No. 17790500
440 Louisiana
Suite 800
Houston, Texas 77002
Office: 713-951-9994
Fax: 713-224-6008
Email: stans3112@aol.com


NICOLE DeBORDE
712 Main St., Ste 2400
Houston, Texas 77002
Office: 713-526-6300
Fax: 713-228-0034
Email: nicole@debordelawfirm.com


CASIE L. GOTRO
TBN: 24048505
440 Louisiana, Suite 800
Houston, Texas 77002
Office: 832-368-9281
Fax: 832-201-8273
Email: casie.gotro@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing

Motion Requesting Oral Argument has been mailed and/or hand delivered to the

following listed below on this 28th day of January, 2015.

1. Edward L. Marshall
   Assistant Attorney General
   PO Box 12548
   Austin, Texas 78711

2. 399th District Court – Presiding Judge
   300 Dolorosa St., 1st floor
   San Antonio, Texas 78205

3. Bexar County District Clerk
   101 W. Nueva, Suite 217
   San Antonio, Texas 78205

4. Bexar Co. District Attorney
   101 W. Nueva, 4th floor
   San Antonio, Texas 78205

5. Michael C. Gross
   Attorney at Law
   106 S. Saint Mary's, Suite 260
   San Antonio, Texas 78205

                                        /s/ Stanley G. Schneider
                                        Stanley G. Schneider