WR-61,939-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/29/2015 5:03:03 PM
Accepted 1/30/2015 9:02:34 AM
ABEL ACOSTA
CLERK

**Nos. WR-61,939-01 and WR-61,939-02**

RECEIVED
COURT OF CRIMINAL APPEALS
1/30/2015
ABEL ACOSTA, CLERK

**IN RE DAVID R. DOW AND
JEFFREY R. NEWBERRY,**

**Respondents.**

_____

**MOTION FOR REHEARING ON
ORDER ON SHOW CAUSE AND CONTEMPT
HEARINGS FOR UNTIMELY FILED DOCUMENTS**

_____

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

The Undersigned Counsel file this Motion for Rehearing[1] pursuant to Rule 79 of the Texas Rules of Appellate Procedure and presents three arguments in support.

(1) This Court exceeded its authority when it suspended Dow, a licensed attorney in good standing with the State the Bar of Texas, from practicing law before this Court.

(2) The pleadings were timely filed pursuant to the Rule of Lenity.

---

[1] Texas Government Code §22.002 notwithstanding, Undersigned Counsel anticipate filing a Writ of Mandamus to The Supreme Court of Texas contemporaneously with the instant motion.

1

(3) The sanctions imposed by this Court are disproportionate, excessive and unnecessarily harsh.

## I. This Court exceeded its authority when it suspended Dow from practicing law before this Court.

The Supreme Court of Texas has exclusive authority to regulate the practice of law. TEX. CONST. art. II, § 1; TEX. GOV'T CODE § 81.011(c). *See Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398-99, 22 Tex. Sup. Ct. J. 358 (Tex. 1979). The State Bar Act further provides the Supreme Court "administrative control over the State Bar and provides a statutory mechanism for promulgating regulations governing the practice of law." *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245, 38 Tex. Sup. Ct. J. 140 (Tex. 1994) (citing TEX. GOV'T CODE § 81.011(c)). Any attorney admitted to practice law in Texas is subject to the disciplinary jurisdiction of the Supreme Court and the commission for lawyer discipline for the State Bar of Texas. TEX. GOV'T CODE § 81.071. As part of the Supreme Court's powers to supervise the conduct of attorneys, the court has established minimum standards and procedures for processing grievances against attorneys and imposing sanctions for professional misconduct. TEX. GOV'T CODE § 81.072. Disciplinary proceedings are initiated by referral to the Chief Disciplinary Counsel of the State

Bar of Texas. TEX. GOV'T CODE § 81.072(c). See *In re State Bar*, 113 S.W. 3d 730 (Tex. 2003); *In re Caballero*, 441 S.W. 3d 562 (Tex. App. 2014); *Mills v. Ghilain*, 68 S.W. 3d 141 (Texas App. 2001).

When this Court found Respondents in contempt court, it relied on Miscellaneous Rule 11-003 to support its order suspending Dow from the practice of law. The sanctions provided by this rule include, but are not limited to:

> (1) referral to the Chief Disciplinary Counsel of the State Bar of Texas; (2) contempt of court; (3) removal from the list of Tex. Code Crim. Proc. Art. 11.071 list of attorneys[2]; (4) restitution of costs incurred by the opposing party[3]; and (5) any other sanction allowed by law (see, e.g., Tex. R. Civ. P. 215.2).

Misc. R. 11-003, § 3

If this Court believed Dow's conduct was sufficient to warrant suspension from the practice of law, then the Court could have referred the matter the Chief Disciplinary

---

[2] Dow is not currently on the list of attorneys that may be appointed pursuant to 11.071. Dow was on the list previously but has not submitted the renewal documentation regarding CLEs (though as a full-time faculty member of an ABA-accredited law school, he is entitled to claim a 15-hour allowance each year).

[3] It is not believed that the State incurred any costs in opposing the documents filed by Counsel. While the Bexar County District Attorney's Office filed a very brief response, it was signed by attorneys who are apparently already on that office's payroll.

Counsel of the State Bar of Texas for disciplinary proceedings established by the Supreme Court.

### A. Disciplinary Action

This Court's determination that the filing was late and that good cause did not exist for the late filing does not amount to "Professional Misconduct" under the disciplinary rules. Even if a late filing did rise to the level of "Professional Misconduct" Dow would then be entitled to a trial in the district court or a hearing for disciplinary findings in lieu of trial. TEX. RULES DISCIPLINARY P. R. 2.15. And, while those proceedings could result in suspension from the practice of law, the Chief Disciplinary Counsel would not be able to sanction until counsel had been afforded the mandated process (absent a finding that counsel posed "a substantial threat of irreparable harm to clients or prospective clients…."). TEX. RULES DISCIPLINARY P. R. 14.01.

Suspending Dow from practicing in this Court exceeds this Court's authority as provided by the Constitution of this State and by the legislature.

### B. Contempt of court

This Court, like all other Texas courts, does possess the authority to punish for contempt. TEX. GOV'T CODE § 21.002(a). However, the sanction this Court imposed on

Dow is not permissible in a contempt proceeding. *In re Dow & Newberry*, Nos. WR-61,939-01, -02 (Tex. Crim. App. Jan. 14, 2015). By statute, the punishment for contempt is a "fine of not more than $500 or confinement in the country jail for not more than six months, or both such a fine and confinement in jail." TEX. GOV'T CODE § 21.002(b). For the punishment to include suspension, the contempt would have to "involve[] fraudulent or dishonorable conduct or malpractice." TEX. GOV'T CODE § 82.061(b). While the statute does not define these terms, they seem to be inapplicable in this case. As discussed further below, Respondents received a letter from a death-row inmate who understandably believed that his appointed attorney did not intend to file anything on his behalf. Respondents diligently investigated the case and prepared filings on his behalf. While the Court believes those filings were untimely, even if they were untimely, they were barely so. An untimely filing is neither fraudulent nor dishonorable. While Newberry's punishment is apparently permitted under the rules of contempt (if the pleadings were, in fact, untimely and if, in fact, good cause did not exist to excuse the lateness), Dow's punishment exceeds what is permitted by those rules.

C.      **Any other sanction allowed by law (*see, e.g.*, Tex. R. Civ. P. 215.2)**

This Court's Rule 11-003 refers parenthetically to Texas Rule of Civil Procedure 215.2. That rule allows a court to sanction an attorney for failure "to comply with

5

proper discovery requests or to obey an order to provide or permit discovery, including an order made under Rules 204 [relating to being compelled to submit to a physical or mental examination] or 215.1 [relating to depositions]" TEX. R. CIV. P. 215.2(b). Because nothing in the proceedings initiated by Respondents on behalf of Paredes involved any of these civil discovery procedures, this Rule is inapplicable and could not support Dow's punishment.[4]

Further, while this Court has authority to preserve its core functions, Respondent's actions in filing pleadings on behalf of Paredes seven days before his scheduled execution did not interfere with this Court's core functions. Respondents filed all the pleadings on behalf of Paredes by 6:30 p.m. on October 21 (167.5 hours before Paredes was scheduled to be executed). The Court handed down its rulings denying relief on all of the pleadings 39.5 hours after the final pleading was filed. Respondents' actions in filing on October 21 did not interfere with this Court's ability to carry out its

---

[4]

Citing Rule 215.2, the Corpus Christi Court of Appeal found that a court has the inherent power to sanction to prevent a party or attorney from interfering with its core functions. *Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex. App.—Corpus Christi 1992, no writ). This Court appears to have adopted the holding from *Kutch* in an unpublished opinion. *See Brager v. State*, No. 0365-03, 2004 WL 3093237, at *2-3 (Tex. Crim. App. Oct. 13, 2004) (not designated for publication). This Court's core functions include hearing evidence, deciding issues of fact raised by the pleadings, deciding decisions of law, entering a final judgment on the facts and the law, and executing a final judgment. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239-40 (Tex. Crim. App. 1990).

core functions. Assuming arguendo these actions had interfered with this Court's core functions, the sanction was more severe than necessary to satisfy its legitimate purpose. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991); *see also Brager*, 2004 WL 3093237, at \*3 (recognizing sanctions only available to the extent that "no lesser sanction was available to preserve judicial integrity and prevent … significant interference with core judicial functions"). Undersigned Counsel have not located any case (whether under Rule 215 or otherwise) where a court acting unilaterally has purported to suspend a member of the Texas Bar from practicing before it.

As the Court noted in its order announcing Dow's suspension, Dow was before the Court in 2010 after failing to timely file pleadings on behalf of Danielle Simpson. At that time, the Court took no action against Dow. That Dow did not take the Court's warnings lightly that day can be seen in how he has abided by the Rule.

Since 2010, Dow has timely filed pleadings in this Court on behalf of at least five inmates facing execution. *See Ex parte Garza*, No. WR-70,257-01 (Tex. Crim. App. Sept. 18, 2013); *Ex parte Parr*, No. WR-65,443-02 (May 3, 2013); *Ex parte Cobb*, No. WR-68,192-03 (Tex. Crim. App. Apr. 19, 2013); *Ex parte Thurmond*, Nos. WR-62,425-

01, -02 (Tex. Crim. App. Feb. 29, 2012); *Ex parte Adams*, No. WR-65,598-02 (Tex. Crim. App. Feb. 18, 2011).[5]

At the time this Court questioned Dow following the Simpson execution, the Court inquired why late filings occur. Dow answered that many inmates represented in state habeas proceedings before the creation of the Office of Capital Writs were inadequately served. Dow also stated that this Court's policy of treating supplements or corrections to timely filed applications as new applications that must themselves satisfy section 5 creates a pressure on counsel to work on pleadings up until the last possible moment, to avoid having to correct or supplement a pleading and having that correction or supplement deemed a new application. Both of these factors were present in the Paredes case. But it is important to note that while the Paredes case is in many respects not aberrational, Dow's late filing in that case (if it was late) was aberrational. During the five years following the Simpson execution, Dow represented at least half a dozen inmates under warrant, and his conduct was not admonished or objected to by this Court

---

[5]

On behalf of only one client since 2010 has the timing of Dow's filings been such that a statement pursuant to this Court's Rule 11-003 was required, and as Dow explained in that case, the late filing was caused by the fact that the trial court's order which was appealed to this Court was not itself issued until less than a week before the execution. After receiving Dow's statement in that case, this Court took no action against him.

in any of those proceedings. Warning Dow in 2010 satisfied the legitimate purpose of the Rule. To now skip the seemingly intermediate step of fining him and moving directly to suspending him from practicing before the Court, without leave, is excessive and outside of the realm of what is permissible pursuant to any sanctioning power this Court has to ensure its ability to carryout its core functions.

In sum, even if the Court determined that some sanction was warranted, suspending Dow from practicing is certainly not the least severe sanction available.

## II. The pleadings were timely filed pursuant to the Rule of Lenity.

This Court's Rule 11-003 requires that pleadings requesting the Court stay an execution be filed seven days before an execution, and counsel filed the documents seven days before Paredes's scheduled execution. Yet the rule contains an example that seems to indicate such documents must be filed *eight* days before an execution. Accordingly, Dow filed a statement pursuant to that rule explaining why counsel was not able to file the pleadings earlier.

Paredes was executed on schedule, on October 28, 2014. This Court's Miscellaneous Rule 11-003 requires that:

> Inmates sentenced to death who seek a stay of execution or who wish to file a subsequent writ application or other motion seeking any affirmative relief from, or relating to, a death sentence must exercise reasonable

9

diligence in timely filing such requests. A motion for stay of execution, or any other pleading relating to a death sentence, must be filed in the proper court at least seven days before the date of the scheduled execution date (exclusive of the scheduled execution date).[6]

That the rule excludes the day of the scheduled execution in computing the seven-day period is consistent with the manner in which time is computed in other situations in the state courts. *See, e.g.*, Tex. R. App. P. 4.1(a) ("The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday."). This method of counting is also consistent with the way time is computed in the federal courts. FED. R. CIV. P. 6(a)(1).

An ambiguity is created in this otherwise clear rule by an example offered in the Rule, which states: "For example, a request for a stay of execution filed at 8:00 a.m. on a Wednesday morning when the execution is scheduled for the following Wednesday at 6:00 p.m. is untimely." The example suggests the documents needed to be filed on

---

[6] The requirement in the federal courts is also that filings seeking a stay of execution be made at least seven days before the execution. 5th Cir. R. 8.10. That rule, however, contains no contrary example and operates as it is expressly written.

October 20 – eight days before the execution, rather than one week before-hand. The rule itself, however, and the method of counting mandated by Texas Rule of Appellate Procedure 4, dictates that the pleading filed on behalf of Paredes was timely.

In accordance with the rule of lenity, the filing should be deemed timely. The Rule of Lenity holds that, in the face of an ambiguous rule, courts should adopt the less harsh or punitive interpretation. *See, e.g.*, *Cuellar v. State*, 70 S.W.3d 815, 821-22 (Tex. Crim. App. 2002) ("[I]t is a fundamental tenet of criminal jurisprudence that, when courts must choose between two reasonable readings of a statute to determine what conduct the legislature intended to punish, courts apply the policy of lenity and adopt the less harsh meaning … [A] person is entitled to be informed of what the law commands or forbids. A statute that is not sufficiently definite 'to give a person of ordinary intelligence fair notice that his conduct is forbidden' therefore violates constitutional standards of due process of law. When a penal statute is so ambiguous that its meaning is uncertain, or its application is broader than what reasonable persons would anticipate, the statute fails to provide adequate notice of its coverage, and that statute is therefore void.") (Cochran, J., concurring) (footnotes omitted); *see also DeLay v. State*, 443 S.W.3d 909, 928 (Tex. Crim. App. 2014) (noting the rule of lenity applies to penal provisions outside the Penal Code).

As explained above, under the language of the rule itself, the pleadings were timely filed on October 21. The example contained in the rule suggests that the rule actually requires pleadings be filed eight days before an execution. Because Miscellaneous Rule 11-003 is ambiguous on its face, the less stringent interpretation should apply. Under that interpretation, the pleadings were timely filed.

III.    **The punishment is excessive and unnecessarily harsh.**

In addition, the effect of the Court's action is to interfere with the representation of other inmates sentenced to death. Dow currently represents at least twelve death-sentenced Texas defendants in their federal habeas proceedings. Dow was appointed to represent these individuals pursuant to 18 U.S.C. § 3599. Pursuant to that federal statute, Dow is obligated to represent those individuals "throughout every subsequent stage of available judicial proceedings, including … all available post-conviction process, together with applications for says of execution and other appropriate motions and procedures…." 18 U.S.C. § 3599 (e). As this Court is well aware, fulfilling these obligations often requires federal habeas counsel to return to this Court. This Court's suspending Dow is therefore interfering with the duty he owes to his clients whose cases are pending in the federal courts.

## PRAYER FOR RELIEF

Respondents request that this Court reconsider its January 14, 2015 order suspending Dow from practicing before it for a period of one year and reform the punishment to one that is permissible under the Court's contempt power and in a way that does not interfere with counsel's duties pursuant to 18 U.S.C. § 3599.

Respectfully Submitted,

SCHNEIDER & McKINNEY, P.C.

/s/ Stanley G. Schneider
Stanley G. Schneider
T.B.C. No. 17790500
440 Louisiana
Suite 800
Houston, Texas 77002
Office: 713-951-9994
Fax: 713-224-6008
Email: stans3112@aol.com

NICOLE DeBORDE
712 Main St., Ste 2400
Houston, Texas 77002
Office: 713-526-6300
Fax: 713-228-0034
Email: nicole@debordelawfirm.com

CASIE L. GOTRO
TBN: 24048505
440 Louisiana, Suite 800

Houston, Texas 77002
Office: 832-368-9281
Fax: 832-201-8273
Email: casie.gotro@gmail.com

# RULE 79.2(C) CERTIFICATION

I certify that this motion is grounded in significant circumstances, which are specified in this motion. The motion is made in good faith and not for delay.

s/ Stanley G. Schneider

_____
Stanley G. Schneider

# CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Tex. R. App. 9.4(e) because it has been prepared in a conventional typeface using MS Word in Times New Roman 14-point for body text and 12-point font for footnote text. The petition contains 2,636 words excluding the parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Stanley G. Schneider

_____
Stanley G. Schneider