**In the Matter of the ESTATE OF Amanda SWANSON, Deceased.**

No. 08–02–00154–CV.

Court of Appeals of Texas, El Paso.

Sept. 25, 2003.

Manuel Rios, Dallas, for In re Estate of Amanda Swanson.

John E. Collins, Burleson, Pate & Gibson, L.L.P., Dallas, for Booker T. Mayes.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and DAVID WELLINGTON CHEW, JJ.

### OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a judgment granting a no-evidence summary judgment. The facts are these: The Appellant, Mattie Murphy, is the sister of the decedent, Amanda Swanson; Ms. Swanson died in August 1996, at the age of 101; in July 1997, the Appellee, Booker T. Mayes, filed an application to probate a document purporting to be Ms. Swanson's 1990 will; and it was admitted into probate by muniment of title by order of the trial court dated September 10, 1997.

Ms. Murphy claims that she discovered the order admitting the will to probate in March 1998, and she filed suit on September 10, 1999 to contest the validity of the will as an interested party, claiming *inter alia* that her sister's signature was forged, that her sister lacked mental and testamentary capacity, and that Mr. Mayes had exerted undue influence over her sister.

Mr. Mayes filed a general denial, and in September 2001, filed a motion for no-evidence summary judgment. The motion stated: that there was no evidence that the decedent's signature was forged; that there was no evidence that she lacked the necessary mental or testamentary capacity when she executed the will in September 1990; that there was no evidence that there was any undue influence exerted against her; and finally that the claim was barred by the two-year statute of limitations.

Ms. Murphy filed a response but did not object to the global nature of Mr. Mayes' motion. She produced two affidavits, one

from herself and the other from a notary public who attempted to take the deposition of the notary public who notarized the purported will. Her affidavit attests that she did not receive any notice that the application to probate her sister's will had been filed and that she only discovered the application and the order admitting the will to probate in March 1998. She averred that she was familiar with her sister's signature and the signature on the purported will was not her sister's signature. She also stated that her sister was not in good health and was, at times, mentally incompetent and would not recognize her or remember other family members. Ms. Murphy also stated that her sister was totally dependent upon the Mayes and that they effectively took over her sister's home, tried to place Ms. Swanson in a nursing home on several occasions, and prevented the sisters from visiting or talking with one another. The second affidavit evidenced that the notary public who notarized the purported will did not have any entry in his Notary Public Record Book for any of the signatories to the contested will or any record pertaining to Ms. Swanson. It does not appear from that record that there was any reply by the Appellee to negate or object to the Appellant's response.

### Standard of Review

Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *See* TEX. R.CIV.P. 166a(i). The motion must state the elements as to which there is no evidence and the reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *See id.* Under

the no evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant.").

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Marsaglia v. University of Texas, El Paso*, 22 S.W.3d 1, 3–4 (Tex.App.-El Paso 1999, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 HOUS.L.REV. 1303, 1356 (1998). A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX.R.CIV.P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

■ In her first issue, Ms. Murphy argues for the first time that the no-evidence summary judgment motion was insufficient to meet the specificity requirements of the rule because it contains merely conclusory statements negating her causes of action. Mr. Mayes replies that because the Appellant failed to raise this objection with the trial court, she has waived it for review. He cites this Court's opinion in *Walton v. Phillips Petroleum Co.*, 65 S.W.3d 262, 268 (Tex.App–El Paso 2001, pet. denied)(hereafter referred to as *Walton II* ).[1] In that case, a majority of the panel, held that an objection that a no-evidence summary judgment motion failed to comply with Tex.R.Civ.P. 166a(i) was waived if not raised in the trial court and relied on *Walton v. City of Midland,* 24 S.W.3d 853, 857 (Tex.App.-El Paso 2000, no pet.)(hereafter referred to as *Walton I* ). In *Walton II*, Justice Larsen filed a concurring opinion where she changed her opinion to disagree with the waiver issue in *Walton I* stating:

> I have concluded that a no-evidence motion for summary judgment, just as a motion for summary judgment under the traditional rule, must stand on its own merits, and that a motion under Tex.R.Civ.P. 166a(i) that is conclusory or that does not set out specifically the elements it challenges is [sic] may be challenged for the first time on appeal.

She cited *Callaghan Ranch, Ltd. v. Killam,* 53 S.W.3d 1, 3 (Tex.App.-San Antonio 2000, pet. denied) and *Cuyler v. Minns,* 60 S.W.3d 209, 212–14 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

■ Though the majority in *Walton II* followed *Walton I,* finding waiver, Justice McClure did note her concern that other courts had reached the opposite conclusion

that it was not necessary to object in the trial court to a deficient Rule 166a(i) motion and she too pointed to the *Callaghan* and *Cuyler* opinions. Looking back at *Walton I,* it seems apparent that we "trapped" ourselves and failed to properly analyze the evidentiary issue presented by the no-evidence summary judgment rule. Lacking such intrinsic quality, we now disavow our waiver holdings in the *Walton* cases, and join the San Antonio and Houston Fourteenth Courts to hold that even if the nonmovant does not object or respond to a defective no-evidence motion, if it is conclusory, general, or does not state the elements for which there is no evidence, it cannot support the judgment and may be challenged for the first time on appeal. *See Callaghan Ranch, Ltd.,* 53 S.W.3d at 3–4; *Cuyler,* 60 S.W.3d at 212–14; *see also, Crocker v. Paulyne's Nursing Home, Inc.,* 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.)(following San Antonio and Houston Fourteenth Courts to find no waiver).

■ Turning to the motion in the case before us. We agree with Ms. Murphy that the no-evidence motion for summary judgment contains only global and conclusory statements that there is no evidence: (1) that the will was forged; (2) that Ms. Swanson lacked the necessary mental or testamentary capacity to make her will; or (3) that she was under the undue influence of Mr. Mayes. Rule 166a(i) clearly provides that the motion cannot be conclusory or generally allege that there is no evidence to support the claims. That is all that the Appellee did in this case. We sustain the first issue.

■ Even if we had found that the motion was not defective, we sustain Issues Two, Three, and Four, and find that Ms.

---

1. She also cited *Williams v. Bank One, Texas, N.A.,* 15 S.W.3d 110, 117 (Tex.App–Waco 1999, no pet.).

Mayes presented some evidence, certainly more than a scintilla, that defeats the Rule 166a(i) motion. The affidavit testimony by Ms. Swanson's sister that the signature on the purported will is not Ms. Swanson's was unrebutted. On appeal, Mr. Mayes argues that because there are no specific details about time, place, and days that her affidavit is evidentiarly deficient. We disagree. While there are conclusory statements in her affidavit, there is certainly enough evidence, more than a scintilla, such that reasonable and fair-minded people might differ in their conclusion. Ms. Murphy unequivocally testified that she knew her sister's signature, and that the signature on the will was not her sister's. There is some testimony, unrebutted, that the notary public who notarized and witnessed the execution of the will had no record entry recording the notarization of the will. This is at least some evidence from which a reasonable inference could be drawn casting doubt on the validity of the will. The evidence with respect to capacity and undue influence are less weighty; however, we still believe that they are more than a scintilla of evidence.

■■■ In the last issue, Mr. Murphy addresses the statute of limitations, which was included in the no-evidence summary judgment motion. A defendant relying upon the affirmative defense of limitations has the burden of establishing that defense. *Harrell v. Alvarez*, 46 S.W.3d 483, 485 (Tex.App.-El Paso 2001, no pet.). Because that was Mr. Mayes' burden, he cannot raise the statute of limitations defense in a no-evidence summary judgment motion which otherwise shifts the evidentiary burden. We sustain Issue five.

Accordingly, we reverse and remand for further proceedings.